UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., et al, | Case No. 2:13-cv-01249-APG-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| LAS VEGAS DEVELOPMENT GROUP, LLC, et al, | |
| Defendants. | |

    Defendant has filed an Ex Parte Emergency Application for Temporary Restraining Order (Dkt. #21). Defendant's Application is improperly and incorrectly labeled an "Ex Parte" Application. Pursuant to Local Rule 7-5(a), an "ex parte motion or application is a motion or application that is filed with the Court, but is not served upon the opposing or other parties." Defendant has not (and given the nature of this dispute, cannot) show good cause why the Application should not be served upon Plaintiff's counsel, in violation of Local Rule 7-5(b) and (c). Despite the title of the Application, and fortunately for Defendant, the Application apparently was served upon Plaintiff's counsel, rendering it not an "ex parte" Application. The Application is actually an "Emergency Motion" under Local Rule 7-5(d).

    Moreover, Defendant has not explained why it waited so long before seeking to block Plaintiff's upcoming foreclosure sale. Plaintiff's Notice of Trustee's Sale was recorded on January 28, 2014 (Dkt. 21-3), yet Defendant waited until the week of the sale to seek judicial relief. Defendant cannot create its own emergency by delay, and then seek emergency relief from the Court. Should such tactics occur in the future, emergency relief will be denied.

    Despite the foregoing procedural errors, I will hold a hearing on the Application for Temporary Restraining Order on **Wednesday, March 19, 04 at 3:00 p.m.** Before then,

Defendant shall email to my chambers (copying Plaintiff's counsel) a draft Temporary Restraining Order in Word or WordPerfect format for my consideration.

Dated: March 17, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE