UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JPMorgan Chase Bank, N.A., | Case No. 2:13-cv-1249-APG-VCF |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Las Vegas Development Group, LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff/Counter-Defendant JPMorgan Chase, N.A.'s ("Chase") Motion for Summary Judgment. [Dkt. #11.] For the reasons discussed below, Chase's motion is denied.

I. **BACKGROUND**

This case arises under Nevada statutes granting "super priority" status to portions of liens recorded by Homeowners Associations ("HOA") for unpaid assessments for the immediately preceding nine-months. Darren and Mandi Weiss purchased the property at issue in this case (the "Property") and executed a Note secured by a Deed of Trust ("DOT") in favor of First Horizon Home Loans ("First Horizon Mortgage"). First Horizon Mortgage transferred all beneficial interest in the DOT to Chase.

In March 2012, a Notice of Delinquent Assessment Lien was recorded against the Property. This lien allegedly included assessments for common expenses due during the nine months immediately preceding recordation of the lien. In June 2012, a Notice of Default and Election to Sell Under Homeowners Association Lien was recorded. In October 2012, a Notice of HOA Lien Foreclosure Sale was recorded. The HOA foreclosed on its lien and LVDG bought the Property at a publicly-held foreclosure sale in March 2013. Thereafter, Chase sued LVDG for

declaratory relief and quiet title. LVDG countersued for the same. Chase moves for summary judgment arguing the HOA foreclosure sale did not extinguish its DOT.

## II. LEGAL STANDARDS

### A. MOTIONS FOR SUMMARY JUDGMENT

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "Viewing the evidence in the light most favorable to the non-moving party, the moving party has the burden to show that there are no genuine issues of material fact, and that it is entitled to judgment as a matter of law." *UMG Recordings, Inc.*, 718 F.3d at 1014 (internal quotations and citations omitted).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

## III. DISCUSSION

Chase's summary judgment motion is based entirely on the legal argument that the statutes in Chapter 116 of the Nevada Revised Statutes create a payment priority for the HOA, rather than a lien priority. On that basis, Chase argues that, while the HOA may be entitled to a priority payment of a portion of its lien amount, the HOA's lien itself is not entitled to priority, so

the foreclosure did not extinguish Chase's DOT. Chase's interpretation is belied by the plain language of the statute; thus, Chase's argument fails and the motion is denied.

The Nevada Supreme Court has not addressed the statutory provisions at issue here. "Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007) (quotation omitted). "In answering that question, this court looks for 'guidance' to decisions by intermediate appellate courts of the state and by courts in other jurisdictions."[1] *Id.* (quotation omitted).

The Court also looks to Nevada rules of statutory construction to determine the meaning of a Nevada statute. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 527 (9th Cir. 2001). Under Nevada law, a court should construe a statute to give effect to the legislature's intent. *Richardson Constr., Inc. v. Clark Cnty. Sch. Dist.*, 156 P.3d 21, 23 (Nev. 2007). If the statute's plain language is unambiguous, that language controls. *Id.* If the statute's language is ambiguous, the Court "must examine the statute in the context of the entire statutory scheme, reason, and public policy to effect a construction that reflects the Legislature's intent." *Id.*

NRS Chapter 116, Nevada's version of the Uniform Common-Interest Ownership Act, sets forth the statutory framework for common interest communities such as HOAs. Nev. Rev. Stat. § 116.001; A.B. 221, Summary of Legislation, 66th Leg. (Nev. 1991). Section 116.3116(1) allows the HOA to record a lien "for any construction penalty that is imposed against the unit's owner pursuant to NRS 116.310305, any assessment levied against that unit or any fines imposed against the unit's owner from the time the construction penalty, assessment or fine becomes due." Recording the HOA's declaration of CC&Rs "constitutes record notice and perfection of the lien. No further recordation of any claim of lien for assessment under this section is required." *Id.* at § 116.3116(5). Additionally, unless the HOA's CC&Rs provide otherwise, "any penalties, fees,

---

[1] The Court is particularly persuaded by the reasoning of the Honorable Jerome Tao, Eighth Judicial District Court of Clark County, Nevada, in *First 100, LLC v. Ronald Burns, et al.*, No. A677693 (8th Jud. D. Nev. Dept. XX, May 31, 2013), and by the Honorable Philip Pro, District of Nevada, in *7912 Limbwood Court Trust v. Wells Fargo Bank, N.A., et al.*, No. 2:13-cv-506-PMP-GWF (D. Nev. Oct. 28, 2013).

3

charges, late charges, fines and interest charged pursuant to [§ 116.3102(1)(j)-(n)] are enforceable as assessments under this section." Nev. Rev. Stat. § 116.3116(1); *see also* § 116.3102(1)(j)-(n) (providing for charges for such items as late payment penalties, rental fees for common elements, and fines).

Section 116.3116(2) elevates the priority of the HOA lien over other liens. The HOA lien is prior to all other liens on the property *except*:

> (a) Liens and encumbrances recorded before the recordation of the declaration[2] and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to;
>
> (b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent . . . ; and
>
> (c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

Thus, a first deed of trust has priority over an HOA lien under § 116.3116(2)(b). However, the last paragraph of § 116.3116(2) gives what is commonly referred to as "super priority" status to a portion of the HOA's lien, making that portion superior to the first deed of trust:

> The [HOA] lien *is also prior to all security interests described in paragraph (b) to the extent of* any charges incurred by the association on a unit pursuant to NRS 116.310312[3] and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien. . . . This subsection does not affect the priority of mechanics' or materialmens' liens, or the priority of liens for other assessments made by the association.

*Id.* at § 116.3116(2) (emphasis added).

---

[2] The declaration is "any instrument[], however denominated, that create[s] a common-interest community, including any amendments to th[at] instrument[]." Nev. Rev. Stat. § 116.037.

[3] Allowing for the HOA's executive board to enter a unit to conduct maintenance or remove or abate a nuisance, and permitting the imposition of fees and costs for any such activity.

4

To recover unpaid assessments, the HOA may pursue a civil suit directly against the unit owner, or it may foreclose on its lien created under § 116.3116. *Id.* at §§ 116.3116(6), (10), 116.31162. Should the HOA choose to conduct a foreclosure sale to collect on its lien, the HOA must comply with certain notice requirements. First, the HOA must notify the owner of the delinquent assessments. *Id.* at § 116.31162(1)(a). If the owner does not pay within 30 days, the HOA must record a notice of default and election to sell. *Id.* at § 116.31162(1)(b). In addition to recording the notice of default, the HOA must mail the notice of default to: (1) a person of interest, i.e. "any person who has or claims any right, title or interest in, or lien or charge upon," who "has requested notice," (2) "[a]ny holder of a recorded security interest encumbering the unit's owner's interest who has notified the association, 30 days before the recordation of the notice of default, of the existence of the security interest," and (3) "[a] purchase of the unit," providing that the unit owner notified the HOA of the contract of sale 30 days prior to the recording of the notice of default. *Id.* at §§ 116.31163(1-3), 107.090(1). If the unit owner does not pay the lien amount within 90 days of the notice of default being recorded, the HOA then must give notice of the sale to the owner and to all known holders of a security interest who have "notified the association, before the mailing of the notice of sale, of the existence of the security interest." *Id.* at §§116.311635(b)(2), 116.31162(1)(c).

At the sale, the HOA may credit bid on the property "up to the amount of the unpaid assessments and any permitted costs, fees and expenses incident to the enforcement of its lien." *Id.* at § 116.31164(2). After the sale, the seller must execute and deliver to the buyer "a deed without warranty which conveys to the grantee all title of the unit's owner to the unit." *Id.* at §§ 116.31164(3)(a), 116.31166(3). The seller must apply the proceeds of the sale in the following order:

(1) The reasonable expenses of sale;

(2) The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the unit for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, and, to the extent provided for by

the declaration, reasonable attorney's fees and other legal expenses incurred by the association;

(3) Satisfaction of the association's lien;

(4) Satisfaction in the order of priority of any subordinate claim of record; and

(5) Remittance of any excess to the unit's owner.

*Id.* at § 116.31164(3)(c). "The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption." *Id.* at § 116.31166(3). A deed containing the proper recitals "is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons." *Id.* at § 116.31166(2).

Based on the unambiguous language of section 116.3116(2), the statute potentially separates the HOA's lien into two liens. The last paragraph of subsection 2 elevates to a super priority position the last nine months of unpaid assessments and any unpaid nuisance abatement costs. The remainder of the HOA's lien, including any charges not contained within the super priority portion of the lien, is relegated to a position junior to the first deed of trust. *Id.* at § 116.3116(2)(b). The parties generally agree the statute bifurcates the HOA lien into two separate liens, but they disagree whether the HOA's foreclosure on the super priority portion of the lien extinguishes all other liens. In other words, does NRS § 116.3116(2) create a lien priority or merely a payment priority?

Nevada's statutory scheme is clear. Section 116.3116(2) unambiguously provides that the HOA super priority lien is prior to the first deed of trust. The statute also unambiguously permits the HOA to use non-judicial foreclosure procedures to enforce its lien. The statute sets forth the order of priority by which the seller must distribute the foreclosure sale proceeds, and specifically provides that the association's lien must be satisfied before any other subordinate claim of record. The statute also provides that the purchaser at an HOA foreclosure sale obtains the unit owner's title without equity or right of redemption, and a deed which contains the proper recitals "is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons." *Id.* at § 116.31166(2). *Compare* Nev. Rev. Stat. § 107.080 (providing that a mortgage foreclosure

sale "vests in the purchaser the title of the grantor and any successors in interest without equity or right of redemption"); *Bryant v. Carson River Lumbering Co.*, 3 Nev. 313, 317-18 (1867) (providing that such a sale "without equity or right of redemption" vests in the purchaser "absolute legal title as complete, perfect and indefeasible as can exist or be acquired by purchase; and a sale, upon due notice to the mortgagor, whether at public or private sale, forecloses all equity of redemption as completely as a decree of court"). Consequently, a foreclosure sale on the HOA super priority lien extinguishes all junior interests, including the first deed of trust.

Chase's argument that Chapter 116 creates merely a payment priority and cannot extinguish a deed of trust is untenable. Even if these statutory provisions do not explicitly provide that foreclosure of the HOA super priority lien extinguishes the first deed of trust, § 116.1108 provides that general principles of law and equity "supplement the provisions of this chapter, except to the extent inconsistent with this chapter." Under well-settled foreclosure principles, the foreclosure of a superior lien extinguishes junior security interests. *Aladdin Heating Corp. v. Trustees of Central States*, 563 P.2d 82, 86 (Nev. 1977); *Erickson Constr. Co. v. Nev. Nat'l Bank*, 513 P.2d 1236, 1238 (Nev. 1973). Junior lienholders wanting to avoid this result can preserve their security interests by buying out the senior lienholder's interest. *See Carrillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980).

This result is consistent with the Legislature's statutory purpose of the super priority lien to "ensure prompt and efficient enforcement of the association's lien for unpaid assessments." Uniform Common Interest Ownership Act § 3-116, cmt. 1 (1982); *see also* Nev. Rev. Stat. § 116.1109(2) ("This chapter must be applied and construed so as to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it."). The Nevada Legislature presumably was aware of the normal operation of foreclosure law when it enacted Chapter 116 in 1991. If the Legislature intended a different rule to apply to an HOA foreclosure sale, it could have so indicated.

Although Nevada state trial courts and decisions from this federal district court are divided on the question, guidance from other Nevada sources confirms the Court's conclusion about the meaning of this statutory scheme. The Nevada Real Estate Division of the Department of Business and Industry ("NRED") has interpreted this statute to mean that foreclosure on the HOA super priority lien results in extinguishment of all junior liens, including the first deed of trust. (Dkt. #1, Ex. 4, at 101). According to the NRED, the "ramifications of the super priority lien are significant in light of the fact that superior liens, when foreclosed, remove all junior liens. An association can foreclose its super priority lien and the first security interest holder will either pay the super priority lien amount or lose its security (*Id.* at 109.) In its conclusion, the NRED stated that the "association can use the super priority lien to force the first security interest holder to pay that amount." (*Id.* at 119.) The HOA retains a junior lien for other charges and penalties; if the first lienholder pays off the super-priority lien amount, it may foreclose on its lien and extinguish the HOA's junior lien for items not afforded super-priority status under the statute. (*Id.*)

The NRED is the entity charged with interpreting Chapter 116. *State, Dep't of Bus. & Indus., Fin. Insts. Div. v. Nev. Ass'n Servs., Inc.*, 294 P.3d 1223, 1227-28 (Nev. 2012); *see also* Nev. Rev. Stat. §§ 116.043, 116.615, 116.623. The Nevada Supreme Court therefore would defer to the NRED's interpretation so long as that interpretation is within the statute's language. *Dutchess Bus. Servs., Inc. v. Nev. State Bd. of Pharmacy*, 191 P.3d 1159, 1165 (Nev. 2008); *Folio v. Briggs*, 656 P.2d 842, 844 (Nev. 1983) (the Nevada Supreme Court "attach[es] substantial weight" to the interpretation of a state agency "clothed with the power to construe the statutes under which it operates").

Because the statute unambiguously creates a lien priority, not a payment priority, the basis of Chase's motion is untenable. Accordingly, Chase would not be entitled to judgment as a matter of law under this theory of the case. Therefore, Chase's motion must be denied.

////

////

## IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff/Counter-Defendant JPMorgan Chase, N.A.'s Motion for Summary Judgment [Dkt. #11] is DENIED.

DATED THIS 21st day of March 2014.

                                                                                        _____
                                                                                        ANDREW P. GORDON
                                                                                        UNITED STATES DISTRICT JUDGE