UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JPMorgan Chase, N.A., | Case No. 2:13-cv-1249-APG-VCF |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| Las Vegas Development Group, LLC. | |
| Defendants. | |

Defendant Las Vegas Development Group, LLC ("LVDG") moved for Summary Judgment. [Dkt. #9]. After briefing was completed, LVDG filed a Supplement to its motion. [Dkt. #20.] The facts giving rise to this case are set out in greater detail in the Court's prior orders. For the reasons discussed below, LVDG's motion is denied.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "Viewing the evidence in the light most favorable to the non-moving party, the moving party has the burden to show that there are no genuine issues of material fact, and that it is entitled to judgment as a matter of law." *UMG Recordings, Inc.*, 718 F.3d at 1014 (internal quotations and citations omitted).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). If the moving

party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

## I. DISCUSSION

Initially, the Court must determine whether the evidence LVDG proffers in its Supplement may be considered in ruling on the summary judgment motion. Notably, without the evidence in the Supplement, LVDG's motion fails to show whether any (and if so, how much) of the HOA lien was entitled to super-priority status, and accordingly, why LVDG would be entitled to a directed verdict.

LVDG's Supplement offers documents obtained via subpoena from "Absolute Collection Services, LLC ("Absolute"), the company that carried out the HOA Lien Foreclosure Sale that is at the center of this action." [Dkt. #20, at 3.] The accompanying declaration attests that "on the 13 day of March, 2014, [Absolute] was served with a written request . . . calling for the production of records." [Dkt. #20-1, at 2.] Chase opposes consideration of the documents because the Court's Scheduling Order set a discovery cut-off date of March 7, 2014. [Dkt. # 34.][1] LVDG responds that "[a]lthough the Declaration of Custodian of Records executed by Absolute states that the Subpoena was served on March 13, 2014, this is incorrect." [Dkt. #38, at 3.] Instead, LVDG offers even more documents to show that the "the Subpoena was actually served on March 6, 2014." [*Id.*]

The Court declines to consider the documents in the Supplement because there are serious questions as to when Absolute received the subpoena. This is especially concerning because LVDG contradicts the declaration it relies on to authenticate the documents included in the Supplement. If Absolute did, in fact, receive the subpoena on March 13, as the declaration attests, then the Court's consideration of the documentation would be in error. However, the

---

[1] Chase also argues alternatively that even if the Court were to consider the documents, there are still several genuine issues of material fact that would preclude summary judgment. However, as the Court does not consider the documents, the Court does not reach these arguments.

Court recognizes that the evidence is necessarily relevant. For that reason, the Court denies summary judgment without prejudice.

The parties are directed to meet with Magistrate Judge Ferenbach to resolve this discovery dispute and determine whether discovery should be re-opened. In the interest of judicial economy and to effectuate resolution of the case in an efficient manner, the parties are granted leave to file new motions for summary judgment within 14 days of Judge Ferenbach's decision on the discovery issues. If Judge Ferenbach re-opens discovery, the parties should discuss with him a new motion deadline. As the Court has considered and is fully aware of the legal arguments of both sides, the parties may incorporate their legal arguments by reference rather than repeating their respective positions at length in the new motions.

## II. CONCLUSION

IT IS FURTHER ORDERED Defendant Las Vegas Development Group, LLC ("LVDG") Motion for Summary Judgment [Dkt. #9] is DENIED.

DATED THIS 14th day of April 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE